## SHEETS & CANFIELD CO. v. SHEARMAN CONCRETE PIPE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9053. Decided May 28, 1928.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

465. ERROR PROCEEDINGS—328. Court of Appeals—681. Jurisdiction.
In absence of transcript or original papers or files in original case, Court of Appeals has no jurisdiction to grant relief.

Error to Common Pleas.

Petition dismissed.

Orgill, Maschke & Wickham, Cleveland, for Sheets & Canfield Co.
Grossman & Grossman, Cleveland, for Concrete Pipe Co.

## FULL TEXT.
VICKERY, J.

This action comes into this court on a petition in error to the Municipal Court of the City of Cleveland.

In the court below, the plaintiff, who is defendant in error here, brought his action to recover on a promissory note in the sum of $1279.79 and service of summons was obtained upon defendant. The defendant filed a counterclaim to the effect that this note was given as evidence of indebtedness which grew out of a sale of some sewer pipe. The sewer pipe, I believe, were to be and were used in a drain in Clear Water, Florida, and the statement of the counterclaim went on to assert that the sewer pipe were made of such poor material that they disintegrated and the sewer had to be taken up and replaced at a cost and expense of $1377.99 and that this grew out of the transaction for which this note was given and came properly within the law of counterclaim.

The execution and delivery of the note were not denied and, therefore, the court, notwithstanding the counterclaim, entered up a judgment in favor of the plaintiff on the promissory note. On what theory, the writer of this opinion is unable to ascertain, but it is to reverse that judgment that error is prosecuted here.

We think that the complaint is well founded and that the court committed error in granting a judgment irrespective of a counterclaim upon this promissory note, but on examination of the record, we find that there is no transcript or original papers of the files in the original case and that it is now too late to supply the defect. Under the rulings of the court, and particularly of this court, we must hold that we have no jurisdiction over this case because of the lack of transcript and, therefore, the petition in error will be dismissed for want of jurisdiction.

(Sullivan, PJ., and Levine, J., concur.)